555

Argued and submitted September 28, 1994, affirmed February 1, 1995

# Dorothy I. HALL,
*Appellant,*

*v.*

# Wendy Marie WALRATH,
*Respondent.*

## (9102-00838; CA A78477)

889 P2d 387

Kathryn H. Clarke argued the cause and filed the briefs for appellant.

Thomas W. Brown argued the cause for respondent. With him on the brief was Cosgrave, Vergeer & Kester.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Plaintiff appeals a summary judgment for defendant in this action arising out of an automobile accident. The trial court granted defendant's motion on the ground that plaintiff had not adequately served defendant pursuant to *former* ORCP 7D(4)[1] or ORCP 7D(1)[2] within the period of the statute of limitations. We affirm.

Plaintiff served the Motor Vehicles Division and defendant's insurer in accordance with ORCP 7D(4), but acknowledges that she did not mail a copy of the summons and complaint to defendant in the manner prescribed by the rule. Plaintiff contends, however, that the insurer should be regarded as defendant's agent for purposes of service, that service on the insurer was reasonably calculated to apprise

---

[1] After the events in question, the rule was amended. The amendment is inapplicable here. ORCP 7D(4)(a)(i) and (ii) provided, at the relevant time:

"(i) In any action arising out of any accident, collision or liability in which a motor vehicle may be involved while being operated upon the roads, highways, and streets of this state, any defendant who operated such motor vehicle, or caused such motor vehicle to be operated on the defendant's behalf, except a defendant which is a foreign corporation maintaining a registered agent within this state, may be served with summons by personal service upon the Motor Vehicles Division and mailing by registered or certified mail, return receipt requested, of a copy of the summons and complaint to the defendant and the defendant's insurance carrier if known.

"(ii) The plaintiff, as soon as reasonably possible, shall cause to be mailed a true copy of the summons and complaint to the defendant at the address given by the defendant at the time of the accident or collision that is the subject of the action, the most recent address as shown by the Motor Vehicles Division's driver records, and any other address of the defendant known to the plaintiff, which might result in actual notice, and the defendant's insurance carrier if known. For purposes of computing any period of time prescribed or allowed by these rules, service under this paragraph shall be complete upon such mailing."

[2] ORCP 7D(1) provides:

"Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of summons upon defendant or an agent of defendant authorized to receive process; substituted service by leaving a copy of summons and complaint at a person's dwelling house or usual place of abode; office service by leaving with a person who is apparently in charge of an office; service by mail; or, service by publication."

defendant of the action and that the trial court therefore erred in holding the service to be insufficient.[3]

In *Mitchell v. Harris*, 123 Or App 424, 427-28, 859 P2d 1196 (1993), we said:

"Thus, to effect service under ORCP 7D(4)(a), a plaintiff must mail a copy of the summons and complaint to the defendant, and service is not complete until a copy is mailed to the defendant. Service on a defendant's insurer does not suffice. *Hoyt v. Paulos*, 310 Or 196, 203, 796 P2d 355 (1990). Here, plaintiff never mailed a copy of the summons and complaint to Rose. Therefore, plaintiff did not complete service on Rose under ORCP 7D(4)(a). We turn to the question whether service nevertheless was completed under the general provision of ORCP 7D(1).

"That issue was squarely addressed in *Campos v. Chisholm*, 110 Or App 158, 821 P2d 1121 (1991). There, we held that service on MVD and a defendant's insurer was insufficient to satisfy the reasonable notice requirement of ORCP 7D(1). The trial court, therefore, was incorrect in its conclusion that service on MVD and Rose's insurer was adequate."

*See also Atterbury v. Wells*, 125 Or App 591, 866 P2d 484, *rev den* 319 Or 80 (1994).

Plaintiff argues that *Mitchell v. Harris, supra*, and *Campos v. Chisholm, supra*, differ from this case, because the parties in those cases did not raise precisely the argument on which she relies, *i.e.*, that "under general agency principles notice to the agent who would actually litigate on behalf of [the] defendant was notice to the defendant." Plaintiff further contends that the "statements in *Campos* and *Mitchell* cannot be reconciled with the legal principles that govern the fiduciary relationship between an insured and the liability insurer."

■ · Our opinions in *Mitchell* and *Campos* are squarely contrary to plaintiff's position. Nevertheless, if statements in an opinion were made without consideration of a particular theory or argument, it is legitimate for a party in a subsequent case to raise the new theory or argument in asking the

---

[3] Defendant argues that plaintiff did not preserve this argument in the trial court. We disagree.

court to reevaluate the earlier opinion. We understand that to be what plaintiff asks us to do here.

■ We agree with plaintiff that, for some purposes, a liability insurer is the fiduciary of an insured for whose defense it is responsible. *See Georgetown Realty v. The Home Ins. Co.*, 313 Or 97, 831 P2d 7 (1992). However, plaintiff leaps from that proposition to the conclusion that the insurer becomes the insured's agent for purposes of service of process. The conclusion simply does not follow from the premise. The responsibility for perfecting service rests on neither the defendant insured nor the insurer, but on the plaintiff. Among the components of service that *former* ORCP 7D(4) set forth was that the plaintiff attempt in specified ways to provide *both* the defendant and his or her insurer with copies of the summons and complaint.

Contrary to the way that she phrases her argument, plaintiff essentially is asking us to hold that an insurer that the plaintiff serves pursuant to ORCP 7D(4) becomes the plaintiff's agent for purposes of completing service on an insured defendant whom the plaintiff has failed to serve in the manner prescribed by the rule. We decline to so hold. We adhere to our decisions in *Mitchell v. Harris, supra,* and *Campos v. Chisholm, supra,* and conclude that plaintiff failed to serve defendant adequately.

Affirmed.