**Cornelius F. MURPHY, Jr., Plaintiff,**

v.

**Jennifer L. ALLORA, Defendant.**

**Civil No. 3:97CV506.**

United States District Court,
E.D. Virginia,
Richmond Division.

Sept. 12, 1997.

Lori M. Elliott, Harry M. Johnson, III, Hunton & Williams, Richmond, VA, for Plaintiff.

Alan B. Gnapp, Britt & Gnapp, P.C., Richmond, VA, for Defendant.

## MEMORANDUM OPINION

PAYNE, District Judge.

On August 19, 1996, plaintiff, Cornelius F. Murphy, Jr., filed a Motion For Judgment in the Circuit Court for the City of Richmond, seeking damages for personal injuries sustained in an automobile collision. Asserting the existence of diversity jurisdiction under 28 U.S.C. § 1332, the defendant, Jennifer L. Allora, removed the action to this Court under 28 U.S.C. § 1446. In response, Murphy, pursuant to 28 U.S.C. § 1447(c), filed a Motion to Remand to the Virginia court, arguing that Allora had failed to remove the action within the time provided by 28 U.S.C. § 1446(b). Also, Murphy seeks costs and attorney fees incurred as a result of the allegedly improper removal. For the reasons set forth below, the Motion to Remand is denied.

## STATEMENT OF FACTS

Automobiles driven by Murphy and Allora collided on September 27, 1994, and Murphy allegedly was injured as a result. On August 19, 1996, Murphy filed a Motion For Judgment against Allora in state court, seeking compensation for those injuries. Under Virginia law, a Motion for Judgment is the initial pleading setting forth the plaintiff's claim for relief. As permitted under Virginia law, Murphy did not immediately serve the Motion For Judgment on Allora because Murphy's counsel was attempting to obtain medical reports respecting Murphy's condition and thereafter intended to undertake settlement negotiations with Allora's liability insurer, Atlantic Mutual Insurance Company ("Atlantic Mutual").

Murphy's counsel sent a letter, dated December 23, 1996, and a courtesy copy of the Motion For Judgment to Atlantic Mutual, advising the insurer that a personal injury action had been filed against Allora in the Circuit Court for the City of Richmond. Susan C. Kulakowski, an Atlantic Mutual claims specialist, replied to Murphy's counsel by letter, dated December 30, 1996, acknowledging awareness of Murphy's personal injury action and noting that Atlantic Mutual had retained an attorney, Alan B. Gnapp, for the purpose of "monitor[ing] any service attempts." Apparently, pursuant to that retention, Gnapp previously had obtained a copy of the Motion for Judgment and had sent it to Atlantic Mutual. Kulakowski sent a copy of her December 30, 1996, letter to Murphy's counsel to both Gnapp and Allora. However, Kulakowski did not forward a copy of the Motion for Judgment to Allora.

It is undisputed that Allora first received a copy of the Motion for Judgment on June 16, 1997, when she was served with process. Gnapp first communicated with Allora about the action nine days later. At that time, Atlantic Mutual retained Gnapp to serve as counsel for Allora in the action. Gnapp, on behalf of Murphy, filed the Notice of Removal from the Virginia court to this Court on July 3, 1997. Murphy filed a timely Motion to Remand, arguing that Allora had failed to remove the action within the 30–day time period as required by 28 U.S.C. § 1446(b).

## DISCUSSION

A defendant seeking to remove a civil action from a state court to federal court

must do so within the time period prescribed in 28 U.S.C. § 1446(b) which, in pertinent part, provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the *receipt by the defendant, through service or otherwise*, of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b) (emphasis added). The burden of establishing jurisdiction and compliance with Section 1446(b) rests with the party seeking removal to the federal forum. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994); *Kluksdahl v. Muro Pharm., Inc.*, 886 F.Supp. 535, 537 (E.D.Va.1995). Because application of the removal statute implicates unique federalism concerns, federal courts must "strictly construe" the removal statute, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941), and "[a]ny substantial doubts as to the propriety of removal must be resolved against the proponent" of removal. *Kluksdahl*, 886 F.Supp. at 537.

There exists a split of authority respecting the commencement of the 30–day period provided in Section 1446(b). One line of decisions, accepted by an increasing majority of federal courts and representing the modern trend, has adopted the "receipt rule," which holds that the 30–day period commences when the defendant actually receives a copy of the initial pleading setting forth the claims for relief.[1] Under the opposing line of authority, courts have followed the "proper service rule," under which the language of Section 1446(b) is interpreted to mean that the

statutory time period commences only upon proper service of process.[2]

In analyzing the removal statute's language and legislative history, this court, in *Kluksdahl v. Muro Pharmaceutical, Inc.*, 886 F.Supp. 535, 539–40 (E.D.Va.1995), adopted the "receipt rule" and held that the 30–day period commences when the defendant comes into possession of a copy of the initial pleading, without regard to whether the delivery thereof satisfies the formalities of state service-of-process rules. *Accord Miller v. Chemetron Fire Sys., Inc.*, Civ. A.No.2:94CV1264, 1996 WL 650141, at \*3 (E.D.Va. July 1, 1996); *Barreca v. Air Structures, Inc.*, Civ.No.3:93CV711, 1994 WL 827110 (E.D.Va. Jan. 24, 1994).[3]

Murphy contends that Allora "constructively received" a copy of the Motion For Judgment—the initial pleading under Virginia law—when Gnapp and Atlantic Mutual came into possession of it as early as October 1996, but not later than December 23, 1996, the date of the letter from Murphy's counsel to Atlantic Mutual. Murphy also asserts that Allora received notice that an action had been filed against her when Allora received a copy of Kulakowski's December 30, 1996 letter. If either scenario constitutes receipt of the initial pleading, the Notice of Removal, filed on July 3, 1997, is untimely.

## A. The Asserted Constructive Receipt

Because Allora did not actually receive a copy of the Motion For Judgment until June 16, 1997, it is necessary to address whether receipt of the Motion for Judgment by her insurer, Atlantic Mutual, or by its attorney,

---

**1.** See *Reece v. Wal–Mart Stores, Inc.*, 98 F.3d 839 (5th Cir.1996); *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir.1994); *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963 (6th Cir. 1993); *Mermelstein v. Maki*, 830 F.Supp. 180 (S.D.N.Y.1993); *Trepel v. Kohn, Milstein, Cohen & Hausfeld*, 789 F.Supp. 881 (E.D.Mich.1992); *Pillin's Place, Inc. v. Bank One*, 771 F.Supp. 205 (N.D.Ohio 1991); *Conticommodity Servs., Inc. v. Perl*, 663 F.Supp. 27 (N.D.Ill.1987).

**2.** See *Bowman v. Weeks Marine, Inc.*, 936 F.Supp. 329 (D.S.C.1996); *Bullard v. Am. Airlines*, 929 F.Supp. 1284 (W.D.Mo.1996); *Estate of Baratt v. Phoenix Mut. Life Ins., Co.*, 787 F.Supp. 333 (W.D.N.Y.1992); *Marion Corp. v. Lloyds Bank.*

*PLC*, 738 F.Supp. 1377 (S.D.Ala.1990); *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co.*, 645 F.Supp. 37 (S.D.Fla.1986); *Thomason v. Republic Ins., Co.*, 630 F.Supp. 331 (E.D.Cal.1986); *Love v. State Farm Mut. Auto. Ins., Co.*, 542 F.Supp. 65 (N.D.Ga.1982).

**3.** The receipt rule is also followed in the Western District of Virginia. *See Hamilton v. Chrysler Corp.*, No. Civ.A.96–0992–R, 1997 WL 17662, at \*1 (W.D.Va. Jan. 16, 1997); *Moore v. K–Mart Corp.*, Civ.A.No.94–0057–L, 1994 WL 824518 (W.D.Va. Dec. 15, 1994); *Shoemaker v. GAF Corp.*, 814 F.Supp. 495, 498 (W.D.Va.1993).

Gnapp, more than 30 days before filing of the petition for removal, constitutes receipt of the initial pleading by Allora.

Generally, a complaint is considered received when an individual named as a defendant receives it, or when it is received by an agent authorized to receive service of process on behalf of a named defendant. *Cf. Tech Hills,* 5 F.3d at 968 ("A complaint is considered received by a corporation when it is received by an agent authorized to accept service of process."); *Pochiro v. Prudential Ins. Co.,* 827 F.2d 1246, 1249 (9th Cir.1987) (same); *Hamilton,* 1997 WL 17662, at *2 (same); *Miller,* 1996 WL 650141, at *3 (same). Murphy argues that, as Allora's insurer, Atlantic Mutual was an agent of Allora so that delivery of the Motion For Judgment to Atlantic Mutual operated to commence the 30–day period permitted for removal under Section 1446(b). There is no evidence, however, that establishes Atlantic Mutual as the authorized agent of Allora, for the purpose of receiving the initial pleading, either when Atlantic received the Motion For Judgment in October 1996 from Gnapp, or on December 23, 1996 from Murphy's counsel. *See Kluksdahl,* 886 F.Supp. at 540 (citing *Keyser v. Potomac Pedalers Touring Club,* No. 3:93CV695 (E.D.Va. Dec. 15, 1993)). To the contrary, Allora avers, by affidavit, that she never bestowed upon Atlantic Mutual the authority to receive service of process on her behalf. And, there is nothing about the insured-insurer contractual relationship generally that makes the insurer the agent of the insured for receipt of service of process or other legal documents on her behalf.[4] *See Hall v. Walrath,* 132 Or.App. 555, 889 P.2d 387, 388–89 (1995); *Hardy v. Maldonado,* 632 N.E.2d 381, 383 (Ind.Ct.App.1994). *See generally Couch on Insurance* § 73:184 (2d ed.1983). Absent authorization, by contract or otherwise, by which an insured permits an insurer to receive documents on her behalf, the receipt of the initial pleading in a civil action by an insurer does not constitute receipt by the insured. There was no such agency or authorization here, and thus receipt of the Motion for Judgment by Atlantic Mutual is insufficient to commence the statutory time period for removal provided in Section 1446(b).

Murphy also contends that Gnapp's receipt of the Motion For Judgment more than 30 days before the filing of Allora's petition for removal renders the Notice of Removal untimely. Murphy correctly states that an attorney, as the agent of his client, has the authority to take all necessary actions to protect the interests of his client. *See Virginia Elec. & Power v. Bowers,* 181 Va. 542, 547, 25 S.E.2d 361 (1943). And, Murphy is correct in asserting that, in *Lofstrom v. Dennis,* the court held that the 30–day period under Section 1446(b) commenced when an attorney, who was authorized to represent the defendant, received the initial pleading. 829 F.Supp. 1194, 1196 (N.D.Cal. 1993); *see General Beverage Sales Co. v. Zonin,* 589 F.Supp. 846, 847 (W.D.Wis.1984); *Cooperman v. Board of Educ.,* 577 F.Supp. 52, 54 (D.N.J.1983)' Those authorities, however, are of no help to Murphy here because, at the time Gnapp obtained a copy of the Motion for Judgment, he was retained to represent the interests of Atlantic Mutual, not Allora.

Recently, Judge Doumar, in the Norfolk Division of this Court, considered a circumstance quite similar to that presented here. In *Miller v. Chemetron Fire Systems, Inc.,* 1996 WL 650141, at *3 (E.D.Va. July 1, 1996), the court determined that the 30–day period did not begin to run when a lawyer independently obtained a copy of the Motion for Judgment because the lawyer was not retained to represent the defendant in the action at the time he procured the copy of the pleading, even though counsel had represented the defendant in a previous action arising out of the same incident. The evidence here shows, as in *Miller,* that Gnapp was not engaged to represent Allora until, at the earliest, June 25, 1997, which was several days after Allora had been served with process and a copy of the Motion for Judgment. Nor is there evidence that Gnapp was, in any

---

4. Of course, the insurance contract could provide that the insurer is an agent of the insured for service of process. Nothing in this record, however, reflects that the contract between Allora and Atlantic Mutual contained such a provision.

capacity, authorized to receive process or legal documents on Allora's behalf, or to otherwise act on her behalf until that date. Indeed, the record here establishes that, when Gnapp received the initial pleading in October 1996, he was retained by Atlantic Mutual for the specific purpose of "monitor[ing] ... service attempts," not to provide Allora with legal representation in connection with the personal injury action which Murphy had filed. Therefore, although Gnapp obtained a copy of the Motion For Judgment in October 1996, that event does not trigger the 30–day removal period prescribed in Section 1446(b).

## B. Defendant's Notice of the Initial Pleading and the Initiation of the Action

■ Murphy contends, alternatively, that the petition for removal was untimely because, even if Allora did not receive the initial pleading in October or on December 23, she was on notice that the action had been filed when she received a copy of Kulakowski's, an Atlantic Mutual claims specialist, December 30, 1996 letter and that notice of the filing of the action is sufficient to commence the 30–day period for removal. This position is based on the decision in *Colegio De Ingenieros v. CNE Consulting, Inc.,* wherein the court, in dicta, commented that "[u]nder the receipt rule, the focus is on whether the defendant had notice of the complaint." 896 F.Supp. 241, 243 (D.P.R.1995); *see also Moore,* 1994 WL 824518, at 2 n. 2 ("The thirty-day period should run from the first notice the defendant receives of the pleading...."). Neither *Colegio* nor *Moore* permits the result urged by Murphy.

The dicta in *Colegio* actually misapprehends the statute because the dicta defines the issue as one of notice while the statute clearly defines it as one of receipt of a document, specifically, the initial pleading in a

civil action.[5] *See Roe,* 38 F.3d at 304 ("[T]he 30 days commences when the defendant, or its authorized agent, comes into possession of a *copy of the complaint* ....") (emphasis added); *Tech Hills,* 5 F.3d at 968 ("We hold that the removal period is commenced when the defendant has in fact received a *copy of the initial pleading* ....") (emphasis added). The statute is clear and unequivocal, and it does not state that the statutory period is to run from "notice" to the defendant that an action has been filed. *See Barber v. Willis,* 246 F.Supp. 814, 815 (N.D.Ga.1965) (citing *Mahony v. Witt Ice & Gas Co.,* 131 F.Supp. 564, 568 (W.D.Mo.1955)). That plain and simple language cannot reasonably be read to mean that the removal period begins to run when a defendant is put on notice that an action has been filed, or when the defendant learns of the fact that an initial pleading is in existence. The court, therefore, declines Murphy's invitation to adopt the dicta in *Colegio* as the meaning of "receipt of the initial pleading" as used in Section 1446(b).

## CONCLUSION

The factual situation which spawned this motion illustrates but one of the several difficulties engendered by the receipt rule.[6] Thus, although in this district the receipt rule is interpreted as required by statute, it is important to apply the rule in such a fashion as to eliminate the vagaries presented by following it, where that is possible. Here, that end is accomplished by precluding the use of constructive receipt of the initial pleading, or notice of its existence, to expand the already expansive reach of the receipt rule. Indeed, adoption of the notions of constructive receipt and notice, urged here by the plaintiff, would render the receipt rule so broad as to eliminate its utility in demarcating the commencement of the 30–day removal period. Moreover, the predictable result of adopting the plaintiff's approach would be

---

5. Moreover, *Colegio* involved materially different facts than those presented in this action. There the issue was whether a corporation had received the initial pleading when the pleading, in fact, had been received by a corporate employee. *Moore* is unhelpful to Murphy because there the defendant had received the initial pleading and was making the spurious argument that the document it received was not the initial pleading

simply because it did not bear the docket number.

6. Judge Norton's decision in *Bowman v. Weeks Marine, Inc.,* 936 F.Supp. 329 (D.S.C.1996) contains a thorough discussion of the difficulties inherent in applying the receipt rule.

a profusion of litigation over ancillary issues in most, if not all, removed actions.

Worse still, it would invite plaintiffs to manipulate circumstances so as to deprive defendants of the opportunity for removal. That is particularly true in a state—such as Virginia—where service of a state court action can be deferred for up to one year after the action is filed. *See* Va. S.Ct. R. 3:3 (Michie 1997). In fact, if constructive receipt or some form of general notice were sufficient to start the removal clock running, it would not be long before defendants would forfeit the right of removal entirely.[7] The receipt rule is troublesome enough as it is. Notions of constructive receipt and general notice, such as those urged here by plaintiff, must be eschewed to retain a meaningful right to removal and to avoid creating more difficulties in applying the receipt rule than are necessarily created by faithful adherence to the text of Section 1446(b).

For the foregoing reasons, the plaintiff's Motion to Remand is denied. Plaintiff's request for costs and attorney fees, therefore, is denied as moot.

It is so ORDERED.

---

**7.** For example, every plaintiff in every automobile accident must be informed of the identity of the defendant's insurer. Under the rule urged by Murphy, a plaintiff can file suit, send a copy of the Motion For Judgment to the insurer, let the case marinate for 30 days or longer, and serve process after the removal period has expired. The same result could be achieved if plaintiff's counsel told the defendant by telephone that a Motion For Judgment had been filed. Nor is this risk of manipulation confined to automobile accident cases.