Jo Anne **SIMS,** Plaintiff,

v.

**AROPI, INC,** d/b/a **The Rolling Kitchen Emporium,** Defendant.

No. 97–3083–CIV.

United States District Court,
S.D. Florida.

Dec. 23, 1997.

Lawrence Joseph McGuinness, Alvarez, Armas & Borron, P.A., Coral Gables, FL, for Plaintiff.

Steven Leo Schwartzbert, Greenberg Traurig Hoffman Lipoff Rosen & Quentel, West Palm Beach, FL, for Defendant.

## ORDER DENYING MOTION TO REMAND

MORENO, District Judge.

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand, filed on **October 2, 1997.**

THE COURT has considered the motion, responses, pertinent portions of the record, and the arguments raised by the parties in open court during a hearing on **December 17, 1997,** and being otherwise fully advised in the premises, it is

ADJUDGED that the motion is DENIED.

Plaintiff filed suit against Defendant on August 18, 1997, in the Circuit Court In and for Dade County, Florida. Plaintiff then sent Defendant, via certified mail, a non-conformed copy of the complaint that contained neither a court file stamp nor a civil action number. An employee of Defendant received the copy of the complaint on August 20, 1997. Plaintiff did not perfect service of the complaint on Defendant until September 8, 1997. Defendant removed the action to this Court on September 23, 1997—fifteen days after service of the summons and complaint but thirty-four days after Defendant received a copy of the complaint.

28 U.S.C. § 1446(b), which governs the removal of an action to federal court, provides, in pertinent part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

In interpreting this statute, the Eleventh Circuit recently held that "the thirty-day removal period begins to run when a defendant actually receives a copy of a filed initial pleading by any means." *Michetti Pipe Stringing, Inc. v. Murphy Brothers, Inc.,* 125 F.3d 1396, 1398 (11th Cir.1997) (footnote omitted). The defendant in *Michetti* removed the action to federal court thirty days after the complaint had been served but forty-four days after the defendant had received a faxed, file-stamped copy of the complaint. *Id.* at 1397. Finding that the defendant's notice of removal was untimely because it was filed forty-four days after defendant had received a copy of the filed complaint, the Eleventh Circuit reversed the district court's denial of plaintiff's motion to remand. *Id.*

The *Michetti* court's adoption of the so-called "receipt rule," rather than the "service of process rule," to determine the commencement of the thirty-day removal period may appear to favor remand in the instant case, as Defendant removed this action thirty-four days after it received a copy of the complaint in the mail. However, the facts of *Michetti* are quite distinguishable from the facts of the instant case. The *Michetti* court was specifically describing a defendant's "receipt" of a "filed initial pleading" or a "file-stamped copy of the complaint" as starting the thirty-day removal period. *Id.* at 1398. The *Michetti* court was also aware of the potential abuses that could result from plaintiffs who attempt to eliminate a defendant's removal right by "sending [to defendants] unfiled, draft complaints thirty days before filing them." *Id.* at 1399. Putting aside the issue of such abuses, the *Michetti* court did note that "until it is filed, a draft complaint is not the 'initial pleading setting forth the claim

for relief upon which such action … is based' that the defendant must receive to start the thirty-day [removal] clock." *Id.* (footnote omitted).

On August 20, 1997, the Defendant in the instant action received only a copy of the complaint, unlike the defendant in *Michetti*, who had first received a "file-stamped copy" of the initial pleading. This Court finds that, under the reasoning of *Michetti*, Defendant's receipt of this non-conformed copy of the complaint, which contained neither a court file stamp nor a civil action number, did not commence the thirty-day removal period. Rather, the thirty-day removal period commenced in this case on September 8, 1997, when Defendant was served with the summons and complaint. Therefore, Defendant's removal on September 23, 1997, was within the thirty-day removal period and was thus timely. It is therefore

ADJUDGED that the Plaintiff's Motion to Remand is DENIED.