Ayako O. **KURIHARA**, Plaintiff,

v.

**CH2M HILL, INC.**, Defendant.

No. Civ.A. 98–570–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

May 21, 1998.

Mary Ann Kelly, Law Office of Mary Ann Kelly, Falls Churck, VA, for Plaintiff.

Eugene Scalia, Gibson, Dunn & Crutcher, Washington, DC, for Defendant.

## MEMORANDUM OPINION

BRINKEMA, District Judge.

Before the Court is the plaintiff's Motion to Remand and for Attorneys' Fees and Costs in an action that was filed originally in state court.

### I.

On February 17, 1998, after lengthy settlement discussions with Steve Biskup, defendant's corporate counsel, plaintiff filed this action in the Circuit Court for Fairfax County, alleging wrongful termination of employment in violation of Virginia common law. On February 18, 1998, Biskup, who does not have the authority to accept service of process on the defendant's behalf,[1] received via federal express a signed copy of a motion for judgment and a cover letter from plaintiff's counsel stating: "Please find enclosed a courtesy copy of the file-stamped Motion for Judgment filed in Fairfax Circuit Court. As always, I am open to discussing this case and trying to resolve it between counsel."

Contrary to counsel's assertions in the cover letter, however, the attached copy of the Motion for Judgment was not file-stamped. Indeed, although it was signed by counsel, the document that Biskup received bore no indication that it actually had been filed. Accordingly, Biskup telephoned plaintiff's counsel to ascertain whether the Motion for Judgment had in fact been filed. As plaintiff's counsel was unavailable at the time of the call, Biskup left a message with counsel's secretary; however, plaintiff's counsel did not return the call.

Thereafter, on March 31, 1998, a process-server served defendant, through its registered agent in Virginia, with a Notice of Motion for Judgment and the Motion for Judgment. Fewer than thirty days later, on April 21, 1998, defendant filed a notice of removal in this Court. That date was sixty-two days after Biskup received the plaintiff's "courtesy copy." Plaintiff does not dispute that there is a basis for diversity jurisdiction in this action; however, she argues that the notice of removal was untimely and that this action should therefore be remanded to state court.

### II.

The federal removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The defendant bears the burden of proof in a removal action. *See Leverton v. AlliedSignal, Inc.,* 991 F.Supp. 481, 483 (E.D.Va.1997) ("The advocate of the federal forum carries the burden of demonstrating compliance with the 30–day removal period mandated by Section 1446(b).") (citing *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994)). Moreover, removal statutes are to be construed strictly, narrowly, and against removal. *See Kluksdahl v. Muro Pharmaceutical, Inc.,* 886 F.Supp. 535, 539 (E.D.Va.1995) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

Urging the Court to adopt the "receipt rule" for computing the time in which a defendant must remove a case to federal court, plaintiff argues that defendant's notice of removal was untimely because it was filed more than thirty days after defendant received a copy of the Motion for Judgment. Defendant, on the other hand, urges the Court to reject the receipt rule in favor of the "proper service rule." Because defendant filed the notice of removal within thirty days of being served with process, defendant argues that removal was timely and that the Court therefore should deny plaintiff's motion. In the alternative, defendant argues that even if the Court adopts the receipt rule, plaintiff's motion should be denied on the facts of this particular case.

---

1. *See* Biskup Decl. at 1, ¶ 2.

Although there is a split of authority at the district court level with respect to which rule should be applied, the four courts of appeal that have addressed the issue have uniformly adopted the receipt rule.[2] *See Michetti Pipe Stringing, Inc., v. Murphy Brothers, Inc.,* 125 F.3d 1396, 1399 (11th Cir.1997) (holding that the 30–day removal period began to run the day after the defendant received a faxed, file-stamped copy of the complaint); *Reece v. Wal–Mart Stores, Inc.,* 98 F.3d 839, 842 (5th Cir.1996) (adopting the receipt rule in a case in which a copy of the complaint that had been file-stamped by the clerk of the state court was sent to the defendant accompanied by a letter that stated that the complaint had in fact been filed); *Roe v. O'Donohue,* 38 F.3d 298, 304 (7th Cir.1994) (adopting the receipt rule in a case in which the defendant did not deny that it "possessed a copy of the complaint" more than thirty days before the notice of removal was filed); *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 968 (6th Cir.1993) (holding that the 30-day removal period began to run on the day that defendant's in-house counsel received a copy of the complaint).

Although the receipt rule is fraught with potential problems,[3] we find, as have the only appellate courts which have considered the issue, that it is better supported by the plain language of § 1446(b) than is the proper service rule. The removal statute explicitly ties the running of the thirty-day removal period to "receipt by the defendant," and not to service on the defendant. Moreover, the statute provides that receipt can be had "through service or otherwise." Thus, service is listed merely as one method, but not the exclusive method, by which the defendant may "receive" a copy of the initial pleading. Nothing in the statute itself reasonably suggests any other interpretation, and we therefore will adopt the receipt rule for computing

the time in which a defendant must remove a case to federal court. *Cf. Roe,* 38 F.3d at 303 ("[W]e see no escape from the language of the [removal] statute.... [C]ourts are not authorized to disregard express language just because the legislative history does not echo 'and we really mean it!' "); *Kluksdahl,* 886 F.Supp. at 539–40.

It is not without reservation that the Court adopts the receipt rule. We agree with those courts that have found that application of the proper service rule "provides for certainty and fairness affording all parties with adequate notice." *Bowman,* 936 F.Supp. at 343. Indeed, "a true level playing field can only be provided by the proper service rule because the receipt rule allows the race to federal court to begin when some runners may not even be notified to take their marks at the starting line." *Id.* at 341. Nevertheless, we decline to reject the receipt rule in light of the plain and clear language of the removal statute. If Congress had intended the removal period to start only after service of process on the defendant, it just as easily could have amended the rule to provide that "the notice of removal of a civil action or proceeding shall be filed within thirty days after proper service of the initial pleading on the defendant." Because Congress did not choose to use such language, we find that "receipt of the initial pleading" for purposes of triggering the removal period must include receipt other than by service of process.

### III.

Having adopted the receipt rule, the next step is to apply that rule to the facts of our case to determine whether the notice of removal was timely filed. It is undisputed that Biskup received a copy of a motion for judgment on February 18, 1998. The question, however, is whether receipt of that doc-

2. Despite the abundance of district court decisions, only a few circuit courts have addressed the issue, which is not surprising because "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

3. Courts that apply the "proper service" rule reason that the receipt rule is inherently unfair to defendants, who have the burden of establishing the right to removal, because it forces the court

to determine what constitutes receipt (such as by fax or by E-mail), what constitutes a copy of the initial pleading (such as a courtesy copy that bears no filing date stamp or a copy of a proposed pleading), and who can "receive" on behalf of the defendant. *See, e.g., Bowman v. Weeks Marine, Inc.,* 936 F.Supp. 329, 338–42 (D.S.C. 1996) (applying the proper service rule because service of process is a "bright line test").

ument was sufficient to trigger the running of the removal period.

■ Again, the plain language of § 1446(b) provides the answer. Receipt must be of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Moreover, the statute provides that what is removed is a "civil action or proceeding." We find that it is not until a complaint is filed in court that it becomes an initial pleading. *See Leverton*, 991 F.Supp. at 484. This conclusion is logical because it is not until a complaint has been filed that there is anything to be removed. *See id.* at 485 (finding that an unfiled copy of a complaint did not satisfy that requirement "because there is nothing to be removed if nothing has been filed").

Based on this conclusion, we find that receipt of a courtesy copy of a complaint will trigger the thirty-day removal period only if the copy received bears some indication that the complaint actually has been filed in court. *See Michetti*, 125 F.3d at 1399; *Reece*, 98 F.3d at 842; *Roe*, 38 F.3d at 303–04; *Leverton*, 991 F.Supp. at 486 ("In no event … will receipt by the defendant of a copy of the motion for judgment, dispatched before the state action is commenced, operate to start the removal clock."). In other words, the Court holds that a defendant has received an initial pleading for purposes of the removal statute only if the complaint bears a "filed" stamp. We find that this limitation provides litigants with enough of a "bright line" to eliminate many of the problems created by the receipt rule.

■ Thus, on the facts of the record before the Court, we find that Biskup did not "receive" a copy of an initial pleading on February 18, 1998, when he received a copy of a motion for judgment that had been signed but bore no indication that it actually had been filed. In making this finding, we also reject plaintiff's argument that the removal period was triggered on February 18, 1998, because counsel's cover letter provided defendant with actual notice that the motion for judgment had been filed. Once again, we look to the plain language of § 1446(b), which provides that it is "receipt … of a copy of the initial pleading" that triggers the removal period, and not notice. *Cf. Leverton*, 991 F.Supp. at 486; *Murphy v. Allora*, 977 F.Supp. 748, 753 (E.D.Va.1997).

■ In addition, we point out that the plain language of § 1446(b) explicitly provides that only receipt "by the defendant" of the initial pleading will trigger the removal period. This requirement presents an additional problem in our case because it is undisputed on this record that Biskup is neither named as the defendant nor authorized to receive service of process on the defendant's behalf. *See* Biskup Decl. at 1, ¶ 2. We find no language in § 1446(b) to suggest that the traditional rules of fairness, requiring that an individual or entity being sued be given adequate notice of such lawsuit before being required to respond, do not apply. Thus, because Biskup is neither the named defendant nor authorized by the defendant to receive process on its behalf, his receipt of a courtesy copy of the Motion for Judgment cannot constitute receipt by the defendant. *See Tech Hills*, 5 F.3d at 968; *Allora*, 977 F.Supp. at 751.

For these reasons, we find that defendant did not receive a copy of the initial pleading in this action until March 31, 1998, when its registered agent was served with process. Thus, defendant's filing of the notice of removal in this Court twenty-one days later on April 21, 1998, was timely, and this action will remain in this Court.

## IV.

For the reasons stated in this Memorandum Opinion, plaintiff's Motion to Remand and for Attorneys' Fees and Costs has been DENIED by Order dated May 20, 1998.