**Susan WITZEL, Plaintiff,**

v.

**1969, INC., D/B/A Landsharks Inshore Eatery, and Christopher Allen Green, Defendants.**

**No. 2:98CV484.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 17, 1998.

---

Philip S. Marstiller, Eck, Collins & Marstiller, Richmond, VA, for Plaintiff.

Burt H. Whitt, Scott William Kezman, Kaufman & Canoles, P.C., Norfolk, VA, for Defendants.

1. The factual background provided herein is largely based on the parties' testimony at oral

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter came before the court on plaintiff's motion to remand the case to the Circuit Court for the City of Virginia Beach. For the reasons stated below, plaintiff's motion to remand is DENIED.

### I. Factual and Procedural History

The facts pertinent to the instant motion to remand are essentially undisputed.[1] In April, 1997, Michelle McKnight ("McKnight"), the president and sole shareholder of defendant 1969, Inc., d/b/a Landsharks Inshore Eatery, received a letter from plaintiff's counsel. The letter, dated April 2, 1997, demanded $500,000 to settle a number of claims by a former waitress of Landsharks Inshore Eatery, plaintiff Susan Witzel. Plaintiff's claims stem from an incident of alleged sexual harassment by defendant Christopher Allen Green ("Green"), who was employed as a cook at Landsharks Inshore Eatery.

Soon after she received the demand letter, McKnight sent a copy of the letter to her father, William McKnight. Sometime thereafter, William McKnight contacted attorney A.W. Vandermeer, Esq. ("Vandermeer") by telephone, to discuss the demand letter. In the course of their telephone conversation, William McKnight asked Vandermeer to consult with Michelle McKnight regarding plaintiff's claim of alleged sexual harassment, and Vandermeer agreed. William McKnight subsequently forwarded a copy of the April 2, 1997 demand letter to Vandermeer via facsimile. Based on his telephone conversation with William McKnight, and the copy of the April 2, 1997 letter he received by facsimile, Vandermeer opened a case file under the name "1969, Inc."

Sometime thereafter, Vandermeer contacted Michelle McKnight by telephone to dis-

argument, held on June 29, 1998.

cuss the demand letter. In the course of their telephone conversation, Michelle McKnight informed Vandermeer that neither she nor 1969, Inc., had any funds with which to pay plaintiff. Vandermeer agreed to relay this information to plaintiff's counsel.[2] Accordingly, Vandermeer contacted plaintiff's counsel by telephone and informed him that, regardless of the merits of plaintiff's claims, settlement was not possible. In his telephone conversation with plaintiff's counsel, Vandermeer identified himself as counsel for Landsharks Inshore Eatery, at least with regard to plaintiff's claim of alleged sexual harassment.

On August 12, 1997, a legal assistant dispatched by plaintiff's counsel filed a motion for judgment in the Circuit Court of the City of Virginia Beach. Per the instructions of plaintiff's counsel, the legal assistant did not request that any party or its representative be served with a copy of the motion for judgment at that time. Rather, as soon as the motion for judgment was filed in the court clerk's office, the legal assistant hand-delivered a courtesy copy of the pleading to Vandermeer.[3]

Sometime between his telephone conversation with plaintiff's counsel and his receipt of the courtesy copy of the motion for judg- ment, Vandermeer had another telephone conversation with William McKnight, regarding the April 2, 1997 demand letter.[4] In the course of their telephone conversation, William McKnight instructed Vandermeer to take no further action on behalf of 1969, Inc., with regard to plaintiff's claims. Vandermeer apparently interpreted William McKnight's instructions as a termination of Vandermeer's attorney-client relationship with 1969, Inc.[5] Consequently, upon receiving the courtesy copy of the motion for judgment on August 12, 1997, Vandermeer merely placed it into his "1969, Inc." case file, which remained open despite William McKnight's instructions. At no time did Vandermeer forward a copy of the motion for judgment to defendant 1969, Inc., or inform defendant in any way that the instant suit had been filed.

The uncontroverted evidence indicates that defendant 1969, Inc., was unaware that the instant suit had been filed until its registered agent[6] was formally served with a copy of the motion for judgment, on April 3, 1998. Defendant 1969, Inc., filed a grounds of defense and demurrer in the Circuit Court of the City of Virginia Beach, on April 23, 1998. *See* Ex. 2 to Def.'s Notice of Removal.[7] On May 1, 1998, defendant 1969, Inc., filed a notice of removal in this court and in the Circuit Court of the City of Virginia Beach,

2. By authorizing Vandermeer to contact plaintiff's counsel on behalf of 1969, Inc., d/b/a Landsharks Inshore Eatery, Michelle McKnight clearly ratified William McKnight's actions, thereby establishing an attorney-client relationship between Vandermeer and 1969, Inc.

3. The legal assistant hand-delivered the courtesy copy to a receptionist at the offices of Vandermeer's law firm, Clark & Stant. The receptionist gave the courtesy copy to Vandermeer.

4. According to Vandermeer's testimony at oral argument, this telephone conversation took place on or about May 2, 1997.

5. Despite the fact that he understood William McKnight's instructions as terminating any attorney-client relationship he had with 1969, Inc., Vandermeer did not obtain Michelle McKnight's ratification of the instructions, nor did Vandermeer ever inform Michelle McKnight or plaintiff's counsel that he no longer represented 1969, Inc., in the matter.

It does not appear to this court that William McKnight's instructions to Vandermeer served to terminate the attorney-client relationship between Vandermeer and 1969, Inc. William McKnight was not an officer or shareholder of 1969, Inc., nor was he vested with any legal authority to act as an agent of 1969, Inc. However, given the court's ruling on the instant motion, it is unnecessary to address this issue any further at this juncture. However, the court does note that the record supports Vandermeer's retention as attorney for 1969, Inc., for the limited purpose of responding to the initial pre-suit settlement demand by plaintiff's counsel.

6. The registered agent was another attorney in Vandermeer's law firm.

7. Neither Vandermeer nor his law firm were retained as counsel for the defendant for this lawsuit. Another law firm and attorney filed the responsive pleadings in state court.

pursuant to 28 U.S.C. §§ 1441 and 1446(d).[8] On May 12, 1998, plaintiff filed the instant motion to remand the case to state court, accompanied by a memorandum in support of the motion. Defendant 1969, Inc., submitted a memorandum in opposition to the motion to remand, on May 26, 1998. Oral argument on the motion was held on June 29, 1998. The matter is now ripe for determination.

## II. Analysis

The principles and procedures governing removal of actions from a state court to a federal forum are set forth in 28 U.S.C. § 1441, which states in pertinent part:

[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The procedural requirements for removal are set forth in section 1446. Under section 1446,

*[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(emphasis added).

Motions to remand are, in turn, governed by 28 U.S.C. § 1447. As provided in section 1447,

[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made

within 30 days after the filing of the notice of removal under section 1446(a).

28 U.S.C. § 1447(c).

 It has long been recognized that, even on a motion to remand, the burden of establishing jurisdiction and compliance with 28 U.S.C. § 1446(b) remains with the party seeking removal to the federal forum. *See, e.g., Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994); *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia,* 988 F.2d 559, 562 (5th Cir. 1993), *cert. denied,* 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992); *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3rd Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Kluksdahl v. Muro Pharm., Inc.,* 886 F.Supp. 535, 537 (E.D.Va.1995); *Warner v. Mutual Life Insur. Co.,* 998 F.Supp. 592, 593 (E.D.Pa.1998); *Ritts v. Dealers Alliance Credit Corp.,* 989 F.Supp. 1475, 1476 (N.D.Ga.1997); *Powers v. Fox Television Stations, Inc.,* 907 F.Supp. 719, 720 (S.D.N.Y. 1995). Accordingly, the party seeking removal must prove compliance with the thirty-day statutory period for removal. *Murphy v. Allora,* 977 F.Supp. 748, 749 (E.D.Va. 1997). Since application of the removal statute implicates unique federalism concerns, federal courts must strictly construe the removal statute. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). As this court has previously noted, any substantial doubts as to the propriety of removal must be resolved against the proponent of removal. *Kluksdahl,* 886 F.Supp. at 537.

 The courts are split regarding the commencement of the thirty-day period for removal under section 1446(b). An increasing majority of courts has adopted the "receipt rule," which holds that the thirty-day period is triggered when the defendant receives a copy of the initial pleading setting forth the claims for relief. *See, e.g., Michetti Pipe Stringing, Inc. v. Murphy Bros., Inc.,*

---

**8.** *See supra* note 7. The court also notes that defendant substituted an amended notice of removal for the original notice of removal, on May 1, 1998. The original notice of removal contained an incorrect caption, and contained documents that were unintentionally attached, including documents covered by the attorney-client privilege.

125 F.3d 1396, 1399 (11th Cir.1997), *petition for cert. filed*, 67 U.S.L.W. 3004 (U.S. May 26, 1998)(No. 97–1909); *Reece v. Wal–Mart Stores, Inc.*, 98 F.3d 839, 842 (5th Cir.1996); *Roe v. O'Donohue*, 38 F.3d 298, 304 (7th Cir.1994); *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir.1993). Other courts have adopted the "proper service rule," under which the thirty-day statutory period commences only upon proper service of process. *See, e.g., Bowman v. Weeks Marine, Inc.*, 936 F.Supp. 329, 333 (D.S.C.1996); *Bullard v. Am. Airlines*, 929 F.Supp. 1284, 1286 (W.D.Mo.1996); *Estate of Baratt v. Phoenix Mut. Life Ins. Co.*, 787 F.Supp. 333, 336–37 (W.D.N.Y.1992). It is well-settled that this court follows the "receipt rule" to determine when the thirty-day statutory period commences. *See, e.g., Kluksdahl*, 886 F.Supp. at 539–40 (30–day period under section 1446(b) commences when defendant comes into possession of copy of initial pleading, regardless of whether delivery thereof satisfies state service-of-process rules); *Kurihara v. CH2M Hill, Inc.*, 6 F.Supp.2d 533, 534 (E.D.Va.1998)(same); *Murphy*, 977 F.Supp. at 750 (same); *Miller v. Chemetron Fire Sys., Inc.*, 1996 WL 650141, at *3 (E.D.Va.1996)(same); *Barreca v. Air Structures, Inc.*, 1994 WL 827110, at *3 (E.D.Va.1994)(same).

■ It is undisputed that defendant 1969, Inc., did not actually receive the motion for judgment from Vandermeer or anyone else in 1997. At issue in the case at bar is whether attorney Vandermeer's receipt of a courtesy copy of the motion for judgment constitutes "constructive receipt" of the motion for judgment by defendant, so as to trigger the thirty-day statutory period for removal. If Vandermeer's receipt of the courtesy copy constitutes "constructive receipt" by the corporate defendant, the notice of removal filed on May 1, 1998, is untimely. As numerous courts have recognized, the receipt rule is fraught with potential problems, because it does not provide a bright-line test. *See, e.g., Kurihara*, 6 F.Supp.2d at

534; *Murphy*, 977 F.Supp. at 752. As this court noted in *Murphy*,

> it is important to apply the [receipt] rule in such a fashion as to eliminate the vagaries presented by following it, where that is possible. Here, that end is accomplished by precluding the use of constructive receipt of the initial pleading, or notice of its existence, to expand the already expansive reach of the receipt rule.

997 F.Supp. at 752. The court expressed further concern that, "if constructive receipt or some form of general notice were sufficient to start the removal clock running, it would not be long before defendants would forfeit the right of removal entirely." *Id.*

Bearing these principles in mind, the court holds that, on the facts of this case, Vandermeer's receipt of a courtesy copy of the motion for judgment does not constitute receipt by the corporate defendant, constructive or otherwise. On the record before this court, there is no evidence that establishes Vandermeer as an authorized agent of 1969, Inc., for the purpose of receiving initial pleadings. The removal statute expressly provides that only receipt "by the defendant" will trigger the thirty-day removal period. *See* 28 U.S.C. § 1446(b). Vandermeer is not a named defendant in this suit, nor was he a named defendant at the time he received the courtesy copy of the pleading. He was not the registered agent for the corporation.[9] The record does not suggest that Vandermeer was authorized to accept service of process on defendant's behalf; to the contrary, Vandermeer testified at oral argument that he has never been authorized to receive service of process on defendant 1969, Inc.'s behalf.[10] *See Miller*, 1996 WL 650141, at *3 (complaint is considered received by a corporation when it is received by an agent authorized to accept service of process).

Given that Vandermeer was not authorized to receive service of process on defendant's behalf at the time he received the courtesy copy of the pleading, and Vandermeer is not a named defendant in this suit, the court

---

9. *See supra* note 6.

10. He was not even the general corporate counsel. The record indicates that he was retained

for the limited purpose of responding to the initial settlement demand letter, which he did. *See supra* at 685–686 and note 5 at ¶ 2.

finds that Vandermeer was not an authorized agent of defendant 1969, Inc., d/b/a Landsharks Inshore Eatery, for the purpose of receiving initial pleadings. Thus, Vandermeer's receipt of a courtesy copy of the motion for judgment on April 12, 1997, was insufficient to commence the statutory time period for removal under section 1446(b). *See, generally, Murphy,* 977 F.Supp. at 750 (complaint considered received when individual named as a defendant receives it, or when it is received by an agent authorized to receive service of process on behalf of named defendant); *Kurihara,* 6 F.Supp.2d at 534 (receipt of courtesy copy of motion for judgment by defendant's corporate counsel does not constitute receipt by defendant under § 1446(b), where corporate counsel was not authorized to receive service of process on defendant's behalf and corporate counsel was not a named defendant).

As previously stated, the evidence is undisputed that defendant 1969, Inc., d/b/a Landsharks Inshore Eatery, did not actually receive a copy of the motion for judgment until its registered agent was served with a copy, on April 3, 1998. Defendant filed its notice of removal on May 1, 1998, which is well within the thirty-day statutory period. *See* 28 U.S.C. § 1446(b). Accordingly, the court finds that defendant's notice of removal was timely under 28 U.S.C. § 1446(b).

### III. Conclusion

For the foregoing reasons, the court **DENIES** plaintiff's motion to remand the case to the Circuit Court of the City of Virginia Beach.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to counsel for plaintiff and counsel for defendants.

**IT IS SO ORDERED.**