Gary BUTTS, Mike Alewitz, Casper Winkles, Al Simon, John Winkles, Ron Yocum, Ray Gorman, and the Austin Labor Center, Inc., Plaintiffs,

v.

Joseph T. HANSEN, Trustee, Kenneth Kimbro, Jack Smith, Van Blades, Bunn Butler, Rick Queer, and other agents of the Trustee, Defendants.

Civ. No. 3–86–960.

United States District Court,
D. Minnesota,
Third Division.

Jan. 15, 1987.

Carla C. Kjellberg, Minneapolis, Minn., for plaintiffs.

Roger A. Jensen, Peterson, Bell, Converse & Jensen, St. Paul, Minn., James Pfander, Rogovin, Huge and Linzner, and Robert E. Funk, Jr., United Food & Commercial Workers Intern. Union, Washington, D.C., for defendants.

## MEMORANDUM & ORDER

DEVITT, District Judge.

Plaintiffs move to remand this action to Minnesota district court in Mower County. They claim the action was improperly removed due to this court's lack of subject matter jurisdiction. We disagree. Defendants properly and timely exercised their statutory right to remove this action. Consequently, plaintiffs' motion to remand is denied.

This action arises out of a long-standing conflict between certain members of United Food and Commercial Workers, Local P–9 and the trustee of Local P–9 appointed by the UFCW International Union. Plaintiffs are certain Local P–9 members and artists who are seeking to restrain the destruction of a mural and a monument on the premises of Local P–9's headquarters, the Austin Labor Center. Defendants are Trustee Hansen and his agents. In a related case, on June 2, 1986, this court entered a preliminary injunction restraining Local P–9 members from interfering with the trustee's duties. *Hansen v. Guyette,* 636 F.Supp. 907 (D.Minn.1986).

FACTS

On October 8, 1986, plaintiffs moved for a temporary restraining order in the Minnesota district court. They alleged defendants were breaching "their duties as trustees under 29 U.S.C. Sec. 501." They claimed violations of the UFCW Constitution, this court's June 2, 1986, order, and federal labor law. A temporary restraining order enjoining destruction of the monument issued that day and was personally served on defendant Hansen.

Twenty-nine days later, on November 7, 1986, defendants removed the action to this court. In the removal petition, defendants included all of the filings in the state district court action—the motion for a temporary restraining order, a supporting affidavit, and the order. Plaintiffs had not filed or served a complaint in the state court action.

Several days after defendants filed their petition for removal, a hearing on the temporary restraining order was held before District Court Judge James Mork. At that November 12, 1986, hearing, plaintiffs provided defendants with a copy of a complaint. Judge Mork subsequently issued a nunc pro tunc order modifying the October 8th temporary restraining order. The court continued the injunction "[u]ntil such time as further legal proceedings are held at the motion of either party, or upon motion or order of this Court, upon remand or otherwise, or upon motion or order of such other Court which has jurisdiction...." and extended it to the mural as well as the monument. The nunc pro tunc order was effective October 8, 1986. *Butts v. Han-*

*sen,* File No. C 86 0987 (Minn.Dist.Ct., Mower Cty., Nov. 17, 1986).

ANALYSIS

Defendants have a statutory right to remove a civil action based on claims arising out of the laws of the United States to the federal district court embracing the place where such action is pending. 28 U.S.C. Sec. 1441(a), (b). The procedure for removal requires filing a verified petition containing a short and plain statement of the facts entitling them to removal together with a copy of all process, pleadings and orders served upon them in the state court action. 28 U.S.C. Sec. 1446(a). Defendants must file the petition within thirty days after receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. Sec. 1446(b).

Defendants satisfied the requirements for filing their petition for removal. The petition and accompanying state court filings were filed with this court twenty-nine days after defendants received the motion and order for a temporary restraining order. Plaintiffs contend the state court motion, however, does not constitute the "initial pleading" necessary to commence the time period for filing the removal petition. They argue the complaint is the only pleading sufficient to commence the time period, and the only document from which this court can determine the jurisdiction *vel non* of this court. The complaint provided to the defendants on November 12, 1986, contains, in sharp contrast to the motion for a temporary restraining order, only state law claims without reference to federal labor law, the UFCW Constitution, or this court's June 2, 1986, order.

The removal statute does not predicate removal on the filing of a complaint, although the most common "initial pleading" is a complaint. Rather, the statute contemplates as the initial pleading the first document setting forth the claim for relief. Whether the initial pleading is a complaint or some other document depends on the type of civil action or proceeding. *See, e.g., Kiddie Rides USA, Inc. v. Elektro Mobil-*

*technik GMBH,* 579 F.Supp. 1476 (C.D.Ill. 1984) (affidavit for attachment constitutes initial pleading). Upon receipt of such document, if defendants are able to ascertain removability of the action, the thirty day filing period commences to run. *See Ardison v. Villa,* 248 F.2d 226, 227 (10th Cir. 1957).

■ In this action, judicial proceedings commenced in the state court upon the October 8th filing of plaintiffs' motion and supporting affidavit for a temporary restraining order. The motion clearly stated plaintiffs' claim for relief under federal labor law and gave defendants notice of removability. Jurisdiction was proper in both state and federal courts. 29 U.S.C. Sec. 501(b). Based on the motion and the affidavit, the state court judge exercised jurisdiction over the action, made findings pursuant to Minnesota Rule of Civil Procedure 65.01, and issued an order restraining defendants.

It is inescapable that this proceeding was pending in state court despite the absence of a complaint. Had defendants been required to wait for the plaintiffs to produce a complaint, they would have been deprived of their right to a federal forum during the temporary restraining order proceedings. Defendants' statutory right to removal would be subject to plaintiffs' whim.

■ It is well-established that the propriety of removal is determined by the record as it stands at the time the petition for removal is filed. *Hatridge v. Aetna Casualty & Surety Co.,* 415 F.2d 809, 814 (8th Cir.1969). Based on the filings supporting the temporary restraining order and defendants' petition for removal, removal was proper and timely on November 7, 1986. The federal law claims upon which the temporary restraining order was granted supply this court with subject matter jurisdiction. Plaintiffs' subsequent filings do not establish improvident removal or lack of federal jurisdiction for purposes of this motion to remand.

Accordingly, based on the foregoing, and all files, records, and proceedings herein,

IT IS ORDERED that:

Plaintiffs' motion for remand is DE-NIED.