**Bonnie ARNOLD**

v.

**FEDERAL LAND BANK OF JACKSON.**

**Civ. A. 90–158–B.**

United States District Court, M.D. Louisiana.

Sept. 12, 1990.

---

Carl W. Cleveland, Cleveland, Barrios, Kingsdorf & Casteix, New Orleans, La., for plaintiffs.

Joseph H. LeBeau, III, Steffes & Macmurdo, Baton Rouge, La., for defendant.

## RULING ON PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

This matter is before the Court on plaintiff's motion to remand, which was filed pursuant to 28 U.S.C. § 1447(c). Plaintiffs contend that the notice of removal was not filed within the 30 day time limit of 28 U.S.C. § 1446(b). Plaintiff further contends that the notice of removal was defective in that it did not specify defendant's principal place of business, while claiming diversity jurisdiction under 28 U.S.C. § 1332(c).

The state court proceedings between these parties began on January 25, 1988, when the defendant, Federal Land Bank, filed a petition for executory process. On December 29, 1990, plaintiffs petitioned for injunctive relief in the executory proceedings. Finally, defendant moved to dismiss the executory proceeding on February 12, 1990.

On September 19, 1989, during the pendency of defendant's executory proceedings, plaintiffs filed the instant proceeding in state court alleging that defendant breached a contract with plaintiffs. Plaintiffs claim that defendant owes them $66,729.30 in commissions. Although a courtesy copy of the petition in this suit was mailed to defendant on July 18, 1989 (two months prior to the filing of suit), the defendant was served with a copy of the petition on September 25, 1989. The September 25, 1989 service was improper because it only

gave the defendant 15 days to answer, instead of 30 days as required by the Louisiana Code of Civil Procedure. The defendant was properly served on January 29, 1990. The defendant filed a notice of removal on February 21, 1990.

In his motion to remand, the plaintiff contends the notice of removal does not properly reflect that there was complete diversity and the removal was not timely filed.

■ Subject matter jurisdiction in this case is based on diversity of citizenship. The plaintiff is a Louisiana domiciliary, the defendant is a Mississippi corporation with its principal place of business in that state, and the amount in controversy is in excess of $50,000. 28 U.S.C. § 1332. Plaintiff argues, and defendant concedes, that the notice of removal was procedurally defective in not specifically alleging the defendant's principal place of business. However, this information is set forth on the pleadings filed in state court. The failure to include the principal place of business is not fatal since leave to amend the notice of removal in such instances is proper.[1]

The Court next considers plaintiff's contention that removal was not timely made within the constraints of 28 U.S.C. § 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

■ It is clear that the period for removal does not begin running upon the receipt of a mere courtesy copy of the state court petition that is not even filed with the state

**1.** *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.,* 608 F.2d 145 (5th Cir.1979), *cert. denied,* 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980);

*Firemen's Ins. Co. of Newark, N.J. v. Robbins Coal Co., Inc.,* 288 F.2d 349 (5th Cir.1961).

court.[2] Sending a courtesy copy of the petition to the defendants some sixty days prior to the actual filing of a suit in connection with settlement negotiations does not put a defendant on notice of removal, nor does it begin the tolling period because the suit is subject to being changed or not even being filed.[3] The Senate Report proposing the 1949 amendment to 28 U.S.C. § 1446(b) recognized the illogic of forcing a defendant "to take steps to remove a suit to the Federal court before he knows what the suit is about."[4] This is particularly so where the suit has not actually been filed and there is nothing to remove to federal court. Thus, the time period for removal begins to run 30 days after the defendant received notice "through service or otherwise."

█ The defendant was initially served with the suit on September 25, 1989. While the service may have been defective under the Louisiana Code of Civil Procedure because it improperly advised the defendant that it had 15 days instead of 30 days to answer, the Court finds such service was proper insofar as the removal statute was concerned.

The Court believes this case presents a clear example of a defendant being advised of the suit "through service or otherwise." While the courtesy copy of the suit did not constitute notice under the removal statute, the September 25, 1989 service did put the defendant on notice that a suit was filed against it in state court and the nature of the suit. The defendant had a clear right at that time to remove the suit. A defect of the nature presented in this case is not sufficient reason to delay the timely removal of the suit to federal court. Because the notice of removal was filed more than 30 days after the September 25, 1989 service, the removal was not timely under the facts of this case.

Therefore:

IT IS ORDERED that plaintiff's motion to remand this case to the 20th Judicial District Court for the Parish of East Feliciana, State of Louisiana, is GRANTED.

Judgment shall be entered accordingly.

---

2. *Skinner v. Old Southern Life Ins. Co.,* 572 F.Supp. 811 (W.D.La.1983).

3. *Campbell v. Associated Press,* 223 F.Supp. 151 (E.D.Pa.1963).

4. S.Rep. No. 303, 91st Cong., 1st Sess. (1969), reprinted in 1949 U.S.Code Cong.Serv., 1248, 1254.