Roger W. LEVERTON, Plaintiff,

v.

ALLIEDSIGNAL, INC., Defendant.

No. Civ.A. 3:97CV695.

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 5, 1997.

482

Deborah Shae O'Toole, Cowan & Owen, Richmond, VA, for plaintiff.

Michael Peter Oates, Hunton & Williams, Richmond, VA, for defendant.

## MEMORANDUM OPINION

PAYNE, District Judge.

Plaintiff, Roger W. Leverton, filed a motion for judgment in the Circuit Court for the City of Richmond, seeking damages under Virginia law for wrongful discharge from employment. Asserting diversity jurisdiction under 28 U.S.C. § 1332, the defendant, AlliedSignal, Inc., filed a notice of removal with this Court. Leverton thereafter filed a motion to remand to the circuit court, contending that the notice of removal was not filed within the 30–day limit required by 28 U.S.C. § 1446(b). For the foregoing reasons, Leverton's motion to remand is denied.

## PROCEDURAL HISTORY

On August 13, 1997, Leverton filed a motion for judgment in the Circuit Court for the City of Richmond, alleging that AlliedSignal, Inc., ("AlliedSignal") wrongfully terminated his employment in violation of Virginia's public policy exception to the employment-at-will doctrine. Before filing the wrongful discharge claim, however, Leverton's counsel mailed Mark Bulriss, president of AlliedSignal's Industrial Fibers division, a copy of an unfiled, draft motion for judgment on June 30, 1997. Hoping to settle the dispute, AlliedSignal requested that Leverton's counsel abstain from filing the motion for judgment.

Unfortunately, settlement discussions were unsuccessful. On August 12, 1997, Leverton's counsel apprised John Ring, an associate with Morgan, Lewis & Bockius working at AlliedSignal's corporate counsel's office, that a wrongful discharge action would be filed the following day in Virginia circuit court. On August 13, 1997, Leverton's counsel mailed a courtesy copy of a motion for judgment to Ring at AlliedSignal's corporate counsel's office. Shortly thereafter, but also on August 13, the motion for judgment was filed in the state court. The undisputed record is that AlliedSignal received the August 13 letter and the enclosed motion for judgment on August 19, 1997. The record establishes that service also was accomplished on August 19, 1997.

On September 17, 1997, AlliedSignal filed a notice of removal. Leverton subsequently filed this timely motion to remand, arguing that removal was not effected within 30 days of receipt of the motion for judgment, thereby rendering the notice of removal procedurally defective and thus improper.

## DISCUSSION

### A. The Legal Framework

A defendant seeking to remove a civil action from a state to a federal forum

must do so within the time limits established by 28 U.S.C. § 1446(b), which, in pertinent part, provides as follows:

> The notice of removal of a civil action ... shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

28 U.S.C. § 1446(b). The advocate of the federal forum carries the burden of demonstrating compliance with the 30–day removal period mandated by Section 1446(b). *See Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994); *Kluksdahl v. Muro Pharmaceutical, Inc.,* 886 F.Supp. 535, 537 (E.D.Va.1995). Because the removal statute is to be construed narrowly and against removal, see *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), doubts are "resolved against the proponent of the federal forum.". *Kluksdahl,* 886 F.Supp. at 537; *see Murphy v. Allora,* 977 F.Supp. 748, 750 (E.D.Va. 1997).

■ Acknowledging the division of authority over the triggering event for the 30–day period for removal provided in Section 1446(b), see *Murphy,* 977 F.Supp. 748, 750 (discussing the two competing views, that is, the "receipt" and "proper service" rules), this Court has determined that the "receipt rule" is compelled by the statutory language of Section 1446(b), although the "proper service rule" offers a more simple method of determining the starting point for the removal period.[1] Under the "receipt rule," "the 30–day period for removal commences when the defendant comes into possession of a copy of the initial pleading, without regard to whether the delivery thereof satisfies the formalities of state service-of-process rules." *Id.; Kluksdahl,* 886 F.Supp. at 539–40. *Accord Michetti Pipe Stringing, Inc. v. Murphy Bros., Inc.,* 125 F.3d 1396 (11th Cir.1997); *Reece v. Wal–Mart Stores, Inc.,* 98 F.3d 839 (5th Cir.1996); *Roe v. O'Donohue,* 38 F.3d 298 (7th Cir.1994); *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963 (6th Cir.1993).

Leverton moves to remand this action on two grounds, either of which if accepted would render the notice of removal, filed on September 17, 1997, untimely. First, Leverton argues that receipt by Bulriss of the unfiled, courtesy copy of the motion for judgment, in early July 1997,[2] commenced the 30–day period for removal. Second, Leverton contends that receipt of the unfiled, draft motion for judgment and the August 12, 1997, notification of Leverton's intent to initiate his action the following day on August 13, when viewed cumulatively, were sufficient to start the 30–day period for removal on August 13, 1997 because AlliedSignal was on notice that an action would be filed on August 13. For the following reasons, the Court concludes that neither receipt of an unfiled draft motion for judgment nor actual notice of an action's impending filing, viewed separately or collectively, constitutes receipt of an "initial pleading" sufficient to trigger the statutory period for removal of a civil action contained in 28 U.S.C. § 1446(b).

**B. The "Receipt Rule"**

**1. Receipt of the "initial pleading" under 28 U.S.C. § 1446(b)**

**a. Receipt an unfiled courtesy copy of a motion for judgment**

■ The Court is asked, yet again, to delimit the outer boundaries of the "receipt

---

1. The "proper service rule," construes the statutory period for removal as commencing only upon proper service of process. *See Bowman v. Weeks Marine, Inc.,* 936 F.Supp. 329 (D.S.C. 1996); *Bullard v. Am. Airlines,* 929 F.Supp. 1284 (W.D.Mo.1996); *Estate of Baratt v. Phoenix Mut. Life Ins. Co.,* 787 F.Supp. 333 (W.D.N.Y.1992); *Marion Corp. v. Lloyds Bank, PLC,* 738 F.Supp. 1377 (S.D.Ala.1990); *Goodyear Tire & Rubber Co. v. Fuji Photo Film Co.,* 645 F.Supp. 37 (S.D.Fla. 1986); *Thomason v. Republic Ins. Co.,* 630 F.Supp. 331 (E.D.Cal.1986); *Love v. State Farm*

*Mut. Auto. Ins. Co.,* 542 F.Supp. 65 (N.D.Ga. 1982).

2. Leverton fails to furnish any evidence from which the Court can adduce when Bulriss, in fact, received a copy of the draft motion for judgment. Having been mailed on June 30, 1997, however, presumably the unfiled motion was received by Bulriss at some time in early July; some 75 days before AlliedSignal filed its notice of removal.

rule," this time by deciding what constitutes an "initial pleading" for purposes of triggering the 30–day period for removal. Leverton's first theory is that the statutory period for removal began to run when Bulriss received a courtesy copy of the motion for judgment at some point in early July 1997.[3] If receipt of the unfiled motion for judgment triggered the 30–day period, as Leverton contends, Allied's notice of removal, filed on September 17, 1997, would be untimely.

The starting point for analysis, of course, is the statute. Under 28 U.S.C. § 1441(a), subject to certain limitations, a defendant may remove "any civil action *brought in a State court*" to the federal court for the district in which such civil "action is *pending*," provided the action could originally have been initiated in the federal forum. 28 U.S.C. § 1441(a) (emphasis added). The text of Section 1441(a), given its plain meaning, establishes that a defendant's right to remove a civil action from a state to a federal forum depends upon the existence of a corollary, pending state proceeding. Until a state action is initiated, therefore, there is nothing to be removed. An action in a Virginia court commences upon the filing of a motion for judgment with the court clerk. *See* Va.Sup. Ct. Rule 3:3(a). Hence, until a motion for judgment is filed in the proper Virginia court, there is pending in the state court no civil action which is susceptible of being removed to the federal forum. *See, e.g., Schneehagen v. Spangle*, 975 F.Supp. 973, 973–74 (S.D.Tex.1997) ("Until the state court action is filed, no action or proceeding yet exists."); *Burr v. Choice Hotels Intern., Inc.,* 848 F.Supp. 93, 95 n. 2 (S.D.Tex.1994) ("Until the state court action is filed, there is no action or proceeding . . . .").

This same message is conveyed by the wording of 28 U.S.C. § 1446(b), which permits removal after receipt "through service or otherwise," of "a copy of *the initial pleading* setting forth the claim for relief *upon which [the state] action or proceeding is based.*" Traditionally, a "pleading" is de-

fined as "the formal allegations and counter allegations made by plaintiff and defendant or by prosecutor and accused *in an action or proceeding.*" Webster's International Dictionary 1738 (3d ed.1986) (emphasis added). Although a pleading may be defined differently in the federal and state judicial systems, a common thread in both judicial schemes is that for a document to be regarded as a pleading it must, at the very least, be filed with a court. *See, e.g., Reece,* 98 F.3d at 842 ("[T]he [removal] statute expresses a policy preference that removal occur as soon as possible, i.e., within thirty days after the defendant receives a pleading or other paper confirming that a removable case has been *filed* against it.") (emphasis added); *Foster v. Mutual Fire, Marine & Inland Ins. Co.,* 986 F.2d 48, 54 (3d Cir.1993) ("[A]t a minimum, anything considered a pleading must be something of the type filed with a court.") (citations omitted); *Harris v. Med–Tox Labs., Inc.,* Civ.A.No. 3:96–CV–1132–G, 1997 WL 86458, (N.D.Tex. Feb.26, 1997) ("[A] courtesy copy of a petition that ha[s] not been filed . . . is not a 'pleading' for purposes of the removal statute's delivery requirement"); *Burr,* 848 F.Supp. at 95 n. 2 (stating that an action is filed "the Plaintiff's 'pleading' is nothing of the kind: it is only a draft of something of which the Plaintiff contemplates will become a pleading upon filing."); *Campbell v. Associated Press,* 223 F.Supp. 151, 153 (E.D.Pa.1963) (stating that a draft of a complaint "was not a 'copy of the initial pleading' "). Although it is undisputed that, through Bulriss, AlliedSignal received the courtesy copy of the unfiled motion for judgment sometime in July 1997—more than 30 days before filing its notice of removal—that document is not a "pleading" for purposes of demarcating the beginning of the 30–day removal period under Section 1446(b).

█    Apart from these definitional reasons, there is a somewhat related aspect of removal jurisprudence which reinforces this interpretation of the statute. Specifically, it is

---

**3.** Because the Court concludes that an unfiled motion for judgment does not constitute an "initial pleading" as contemplated by Section 1446(b), the Court will assume, without deciding, that Bulriss was authorized to receive service of

process on behalf of AlliedSignal. *Murphy,* 977 F.Supp. 748, 750 (citing *Tech Hills,* 5 F.3d at 968 ("A complaint is considered received by a corporation when it is received by an agent authorized to accept service of process.")).

rather well-accepted that, for a document to be an "initial pleading" that will trigger the 30–day period for removal, it must apprise a defendant of the state action's removability. *See* 28 U.S.C. § 1446(b); *Reece,* 98 F.3d at 842; *Tech Hills II,* 5 F.3d at 968; *Kerr v. Holland America–Line Westours, Inc.,* 794 F.Supp. 207, 213 (E.D.Mich.1992). An unfiled copy of a motion for judgment does not satisfy that requirement because there is nothing to be removed if nothing has been filed. *See Arnold v. Federal Land Bank,* 747 F.Supp. 342, 343–44 (M.D.La.1990) ("Sending a courtesy copy of the [state court] petition to the defendants ... prior to the actual filing of a suit ... does not put a defendant on notice of removal, nor does it begin the tolling period...."); *see also, Kerr,* 794 F.Supp. at 213 n. 5 (stating that a defendant cannot ascertain the availability of removal by reference to mere "'draft pleadings', 'sample' courtesy pleadings ... which have not previously been filed with an appropriate state court"; such documents are not "'initial pleading[s]' that will trigger the running of § 1446(b)'s thirty-day removal period"). Moreover, common sense dictates a similar result. For example, until it is filed the motion for judgment may be amended. And, if settlement discussions come to fruition, it may never be filed. *Cf. Arnold,* 747 F.Supp. at 343–44.

For the foregoing reasons, an unfiled, draft motion for judgment is not an "initial pleading" as defined by Section 1446(b). Consequently, the unfiled courtesy copy of the motion for judgment sent in late June 1997 does not amount to an "initial pleading" as contemplated by Section 1446(b) and receipt of that document, therefore, did not trigger the 30–day period for removal.

### b. Notice of a plaintiff's intention to file a civil action

■ Leverton's second theory is that removal was untimely because AlliedSignal was on notice of the removability of the action on August 13, 1997. Specifically, Leverton contends that, because his counsel, on August 12, 1997, apprised AlliedSignal's counsel that Leverton intended to file his state court action the following day on August 13, and because Bulriss had been given a copy of the unfiled motion for judgment in July, AlliedSignal was on notice of the action's removability on August 13 when it was filed. This notice was, according to Leverton, adequate to commence the 30–day period for removal.

Leverton's argument, however, is foreclosed for two reasons. First, as previously discussed, receipt of an unfiled, copy of a motion for judgment does not trigger the time constraints for removal of a civil action. That principle is not altered merely because a defendant has knowledge that a plaintiff intends to commence litigation. Second, the recent decision in *Murphy v. Allora,* 977 F.Supp. 748, 752, rejected a plaintiff's contention that notice that an action *had been filed* operated to trigger the time period for removal. The assertion that notice that an action will be filed at some point in the future no more operates to commence the removal period than does actual notice that an action has been filed. This is because notice is not the triggering event under Section 1446(b).

■ As explained in *Murphy:*

The statute is clear and unequivocal, and it does not state that the statutory period is to run from "notice" to the defendant that an action has been filed. *See Barber v. Willis,* 246 F.Supp. 814, 815 (N.D.Ga.1965) (citing *Mahony v. Witt Ice & Gas Co.,* 131 F.Supp. 564, 568 (W.D.Mo.1955)). That plain and simple language cannot reasonably be read to mean that the removal period begins to run when a defendant is put on notice that an action has been filed, or when the defendant learns of the fact that an initial pleading is in existence.

*Id.*[4] The Court thus concludes that the 30–day period for removal does not begin to run upon notice that an action may be, or has been, filed in a state court. To the contrary, the statute is not satisfied until a defendant in fact receives a copy of the "initial plead-

---

**4.** *Compare Roe,* 38 F.3d at 304 ("[T]he 30 days commences when the defendant, or its authorized agent, comes into possession of a *copy of the complaint....* ") (emphasis added), *with Tech* *Hills,* 5 F.3d at 968 ("We hold that the removal period is commenced when the defendant has in fact received a *copy of the initial pleading....* ") (emphasis added).

ing." Notice alone will not suffice to start the removal clock running.

### 2. Allied's receipt of the "initial pleading"

■ It is against these legal principles which the facts in this action must be measured. The undisputed record is that the motion for judgment, which initiated the state court action, was filed on August 13, 1997, after the courtesy copy was mailed to AlliedSignal by Leverton's counsel. Neither that document nor the earlier version delivered to Bulriss in July was a copy of the "initial pleading" in the state court action because when Leverton sent the courtesy copies of the motion for judgment in late June and the morning of August 13, there was no pending state action. On the facts of this case, therefore, the copy of the motion for judgment—which was actually served on AlliedSignal on August 19—is the copy of the "initial pleading setting forth the claims for relief upon which *such action or proceeding is based*" within the meaning of Section 1446(b). Hence, on this record, the notice of removal was timely.

■ Of course, it will not be the circumstance in all cases that actual service will mark the starting point for the removal period under the receipt rule. For instance, if the defendant receives a courtesy copy of the motion for judgment mailed after the commencement of the state action (marked by filing the motion for judgment), the time for removal will start to run from the receipt of that document even if service occurs after the defendant receives the courtesy copy. Indeed, one may readily conceive that such will often be the case. In no event, however, will receipt by the defendant of a copy of the motion for judgment, dispatched before the state action is commenced, operate to start the removal clock.[5] This approach provides reasonable certainty in ascertainment of the date against which to calculate the removal period and removes the aspect of gamesmanship inherent in the alternatives urged by Leverton. Nor, will this approach cause un-

due difficulty for plaintiffs' counsel or deprive the plaintiff of the benefit of the receipt rule.

### CONCLUSION

For the foregoing reasons, AlliedSignal has carried its burden of establishing that removal was timely and Leverton's motion to remand is thus denied.

It is so ORDERED.

---

5. This, of course, means that plaintiff will be best served by mailing a copy of the motion for judgment bearing a "filed" stamp. Alternatively, plaintiffs would be wise to set forth in some way, whether in a cover letter or on the courtesy itself, the copy sent to the defendant (by a means other than service) was sent after the original was filed.