Gilbert BEZY, Jr., Plaintiff,

v.

**FLOYD COUNTY PLAN COMMISSION, and its Members, Judy Arthur, Roy Ballard, Brad Curry, William Fender, III, Evan Frieberger, Greg Gapsis, John Reisert, and Brian Sieg, and each of them individually, Defendant.**

No. NA 00–0226–C–B/G.

United States District Court,
S.D. Indiana,
New Albany Division.

March 8, 2001.

John A. Kraft, Young Lind Endres & Kraft, New Albany, IN, for plaintiff.

J. Spencer Harmon, Wyatt Tarrant & Combs, New Albany, IN, for Brad Curry.

Sandra L. Heeke, Heeke Carpenter Lewis Thompson & Fondrisi, Jeffersonville, IN, for Tom Fender III.

C. Richard Rush, Rush Law Office, New Albany, IN, for Plan Commission.

Dave Whalin, Landrum & Shouse, Louisville, KY, for defendants.

---

**1.** The Initial Complaint and Amended Complaint do not consecutively number each paragraph therein, but rather, consecutively number each paragraph within each listed count. Therefore,

### ENTRY DENYING PLAINTIFF'S MOTION TO REMAND

BARKER, Chief Judge.

Plaintiff, Gilbert Bezy, Jr. ("Bezy"), alleges in his initial complaint that Defendants, Floyd County Plan Commission and its members (in their official capacities alone), arbitrarily, capriciously, unreasonably, and illegally denied his preliminary plat of the Woods of Skyline residential subdivision located in New Albany Township, Floyd County, Indiana. Bezy's amended complaint additionally alleges that the Floyd County Plan Commission and its members, in both their official capacities and individually (collectively "Commission"), violated the Fourteenth Amendment Equal Protection and Due Process of Laws Clauses and the Fifth Amendment Takings Clause. This suit was originally filed in state court pursuant to Indiana Code § 36–7–4–1009 and then removed to us on November 27, 2000, pursuant to 28 U.S.C. § 1441. Notice of Removal ¶ 5 (invoking federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343). Bezy disputes the timeliness of the Commission's Notice of Removal filing and moves that the case be remanded to state court. For the reasons discussed below, we *DENY* plaintiff's motion for remand.

### Procedural and Factual Background

Bezy's application for approval of a preliminary plat of the Woods of Skyline residential area was presented to the Commission on March 15, 1999. *See* Init. Compl. Count II ¶ 2.[1] After the Commission denied Bezy's preliminary plat, Bezy filed a Petition for Writ of Certiorari and a Petition for Writ of Mandamus in the Floyd County, Indiana Circuit Court on April 14, 1999. *See* Init. Compl. On September 19, 2000, the Circuit Court remanded the case back to the Commission with an order to issue findings of fact on the application. *See* Obj. to Removal and Req. for Remand to State Court ("Mot. to Remand") ¶ 4.

when citing the Initial Complaint and the Amended Complaint, we will refer to the count and the paragraph number.

Bezy then filed a motion with the Circuit Court to amend his complaint, which was granted on October 26, 2000, at the same time the court approved his preliminary plat. *See* Judgment Approving Plat, Order Granting Leave to Amend by Interlineation ("Order Granting Leave to Amend"). The proposed Amended Complaint repeated the same state-law violations found in the initial complaint, but additionally alleged specific violations of the Fifth and Fourteenth Amendments of the United States Constitution, pursuant to 42 U.S.C. § 1983. *See* Amend. Compl. Count VI ¶ 2, 8. The Commission then filed a Notice of Removal with this court on November 27, 2000.

In his motion to remand, Bezy asserts that the Commission's thirty-day time period for removing this suit to federal court (found at 28 U.S.C. § 1446) began to run on April 14, 1999, when Bezy filed his ·initial complaint with the circuit court. *See* Mot. to Remand ¶¶ 1–3. Bezy contends that the allegations in his initial complaint contained federal constitutional claims, placing the Commission on notice of possible federal jurisdiction over the case at the time it was filed. *See id.* In the alternative, Bezy contends that the thirty-day time period began running on October 12, 2000, when he filed his motion to amend with the state court and served the same on the Commission. *See id.* ¶ 5. Bezy asserts that the Amended Complaint was attached to the motion, again placing the Commission on notice of his federal constitutional claims and establishing our jurisdiction from the date the tendered motion to amend was served. *See id.* ¶¶ 5–6.

The Commission responds that Bezy's initial complaint did not raise federal constitutional claims and its removal would have been inappropriate. *See* Resp. to Objection to Removal and Req. for Remand ("Def.'s Resp.") at 3–6. Additionally, the Commission contends that even though they received a copy of the Amended Complaint as an attachment to Bezy's motion for leave to amend on October 12, 2000, the time for filing a notice of removal did not begin to run until they were served with a copy of the approved and filed Amended Complaint, dated October 26, 2000. *See* Amended Compl. at 1. Therefore, the Commission contends, remand to the state court is inappropriate because its notice of removal was timely filed within thirty days from the date it was served with the approved and filed amended complaint. *See* Def.'s Resp. at 6–8.

## Discussion

### A. Standards for Removal

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, civil actions filed in state courts over which district courts have original jurisdiction, "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, where removal of an action is sought, the defendant must file a notice of removal with the district court within thirty days after either: 1) it receives, "through service or otherwise, [ ] a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or 2) "after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

### B. The Initial Complaint

Bezy first argues that his initial complaint, filed with the state court on April 14, 1999, sufficiently set forth federal constitutional claims to trigger § 1446's time limits. *See* Mot. to Remand ¶¶ 2–3. Specifically, Bezy contends that paragraph 5(f) of Count I of his initial complaint put the Commission on notice of these federal claims. This paragraph alleges that: "The decision of the Floyd County Plan Commission denies Petitioner the right to use the real estate, which he has an equitable interest in, to an extent that the same constitutes a taking a[sic] property without compensation in violation of Petitioner's constitutional rights." Init. Compl. Count I ¶ 5(f). We first address whether this language may be properly construed as raising a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

■ In *Louisville & Nashville Railroad Co. v. Mottley*, the Supreme Court found that "[i]t is the settled interpretation of these words, ... that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). From the broad interpretation of "arising under" developed the "well-pleaded complaint rule," which limits the types of cases that arise under the federal Constitution and laws of the United States. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). This rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Davis v. Rodriguez*, 106 F.3d 206, 208 (7th Cir.1997) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

■ Nevertheless, in order to avoid being strictly bound by the language of the complaint, courts have relied on the "artful pleading doctrine" to "look beyond a plaintiff's characterization of a claim to determine whether the claim truly arises under federal law." *In re Application of County Collector*, 96 F.3d 890, 896 (7th Cir.1996) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993); *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir.1992); *United Jersey Banks v. Parell*, 783 F.2d 360, 367 (3d Cir.1986)). This doctrine is typically applied only to cases in which "federal law exclusively occupies the entire field in which a plaintiff's purported state law claim is brought." *In re Application of County Collector*, 96 F.3d at 896 (citations omitted).

For example, in *Sluder v. United Mine Workers of America, International Union*, 892 F.2d 549 (7th Cir.1989), the initial complaint alleged state-law claims of a breach of the common-law duty to perform inspections

with due care, and loss of affection, society, companionship and consortium. *Id.* at 551. The Seventh Circuit, citing *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 406 n. 5, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), held that in cases involving collective bargaining agreements, "state-law claims preempted by section 301 [of the Labor Management Relations Act of 1947] are properly removable to federal court despite a plaintiff's failure to plead explicitly a federal cause of action." *Id.* at 556.

■ Applying the well-pleaded complaint doctrine, we hold that the language of paragraph 5(f) of Count I of the initial complaint does not specifically state a claim for relief under the federal constitution. Although this paragraph alleges a "taking ... in violation of Petitioner's constitutional rights," Init. Compl. Count I ¶ 5(f), it does not specify whether this claim arises under the Fifth Amendment of the United States Constitution or Article I, Section 21 of the Indiana Constitution,[2] which contain similar takings clauses. From the face of the complaint we cannot determine whether Bezy alleges a violation under the United States Constitution, the Indiana Constitution, or both. Under the well-pleaded complaint rule such ambiguity prevents federal jurisdiction over the initial complaint. *See Navarro v. Subaru of Am. Operations Corp.*, 802 F.Supp. 191, 193 (N.D.Ill.1992) ("[A]mbiguities are resolved against removal when doubt exists as to jurisdiction.") (citing *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 663 (7th Cir.1976)); *see also Allied–Signal, Inc.*, 985 F.2d at 911 ("Any doubt regarding jurisdiction should be resolved in favor of the states.") (citing *Jones*, 541 F.2d at 664).

■ Likewise, the potential for both state and federal remedies renders the artful pleading doctrine inappropriate to this case. Unlike *Sluder*, "takings ... without compensation" are not solely compensable under federal law. The availability of both federal and state constitutional remedies for such a loss makes the use of this doctrine misplaced here.

---

2. The Fifth Amendment states that: "[N]or shall private property be taken for public use, without just compensation." U.S. Const. amend. V. The

Indiana Constitution states that: "No person's property shall be taken by law, without just compensation...." Ind. Const. art. I, § 21.

■ Our lack of jurisdiction over Bezy's initial complaint is further evidenced by the fact that Bezy's initial complaint limits its request for remedies to those available under Indiana law. Count I of Bezy's initial complaint seeks a writ of certiorari and an order requiring the Commission to present "each and all of the proceedings, papers, files, evidence, props, drawings, plans, exhibits, together with actions and entries ... relating to said application" to the circuit court. Init. Compl. Count I. Bezy also requests that the circuit court order the Commission to present "those minutes of the [Commission] relating to the adoption of the Floyd County Comprehensive Plan and the Amendment to the Subdivision Control Ordinance ...; the findings of fact from the meeting which denies the preliminary plat of the Woods of Skyline; a copy of the applicable Floyd County Subdivision Control Ordinance # 68-1, ... and the amendments thereto; and the Floyd County Comprehensive Plan." *Id.*

Count II of Bezy's initial complaint requests that the circuit court reverse the Commission "pursuant to Indiana Code 36-7-4-1009 and ... issue a Write of Mandate to the [Commission] to approve the preliminary plat of the Woods of Skyline, or, in the alternative order the [Commission] to personally appear and answer as to why they are not carrying out their duties as required by law." Init. Compl. Count II. As is apparent, Indiana Code § 36-7-4-1009 (authorizing the trial court to "reverse, affirm, or modify" the Commission's decision) is the only statute or law under which Bezy specifically requests relief in his initial complaint, and it does not authorize the award of monetary damages. *Discovery House, Inc. v. Consol. City of Indianapolis,* 970 F.Supp. 655, 660 (S.D.Ind.1997) ("I.C. 36-7-4-1009 does not permit the award of monetary damages....").

In comparison, the language of Bezy's amended complaint specifically alleges violations of the United States Constitution,[3] and, pursuant to 42 U.S.C. § 1983, requests damages for the value of the property, compensa-

tory damages, attorney's fees and costs, in addition to requesting reversal, issuance of a writ of mandamus, a declaratory judgment and an injunction. *See* Amend. Compl. Demand for Relief ¶¶ 1-8. Monetary damages are available to Bezy only under § 1983 and not Indiana Code § 36-7-4-1009. *Compare Cunningham v. City of Overland,* 804 F.2d 1066, 1069 (8th Cir.1986) ("In a section 1983 action, both compensatory and punitive damages are available upon proper proof."), *with Discovery House, Inc.,* 970 F.Supp. at 660. If Bezy's true intent with his initial complaint was to plead a violation of the takings clause of the Fifth Amendment of the United States Constitution, brought pursuant to 42 U.S.C. § 1983, he did not request appropriate remedies.

Finally, even if Bezy's initial complaint could be read to include a federal claim for violation of the United States Constitution, such action is not the substantial or main cause of action on which Bezy's claims rest and removal of the initial complaint still would have been inappropriate. "Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 114, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Rather, the line is drawn "between controversies that are basic and those that are collateral, between disputes that are necessary and those that are merely possible." *Id.* at 118, 57 S.Ct. 96. Thus, in *Gully,* the Supreme Court held removal to federal courts was not proper in a case where the primary issue involved Mississippi contract law because the case did not have "elements of federal jurisdiction." *Id.* at 114, 57 S.Ct. 96. In contrast, even if a cause of action is clearly established by state law, a case could still arise under federal law "if a well-pleaded complaint established that its right to relief under state law required resolution of a substantial question of federal law." *Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 164, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S.

---

**3.** Bezy's amended complaint asserts that the Equal Protection and Due Process clauses of the Fourteenth Amendment and the Takings Clause of the Fifth Amendment of the United States Constitution were violated. *See* Amend. Compl. count III ¶ 5, count VI ¶¶ 3, 6, 7.

1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). This is simply not the case here.

In Bezy's initial complaint, his right to relief under state law cannot be said to require resolution of any substantial question of federal law when no federal laws are specifically mentioned in the initial complaint. If any federal cause of action exists in Bezy's initial complaint, it is collateral to the main thrust of Bezy's claims and merely "possible," as Bezy finds all of his rights and remedies from state law.

## C. Removal and Amended Complaint

■ Bezy alternatively asserts that the thirty-day time period within which the Commission had to remove this case began to run when the Commission was served with Bezy's motion to amend, which included a copy of the unfiled and unapproved, proposed amended complaint. *See* Mot. to Remand ¶¶ 5–6. Bezy argues that the Commission knew at that point of Bezy's federal constitutional claims and our jurisdiction. Therefore, Bezy contends that the Commission's notice of removal should have been filed within thirty days from service of the motion to amend (i.e., on November 13, 2000). *See id.* ¶ 9.

In order for service of the motion to amend to trigger the running of the time period in which the Commission had to file its notice of removal, the motion would have to be considered to initiate a "pending action" in the state court as defined in § 1441(a), which allows removal of a state action to the federal court "where such action is pending." 28 U.S.C. § 1441(a). "[U]ntil a [state action] *is filed* in the proper [ ] court, there is pending in the state court no civil action which is susceptible of being removed to the federal forum." *Leverton v. AlliedSignal, Inc.,* 991 F.Supp. 481, 484 (E.D.Va.1997) (emphasis added) (citing *Schneehagen v. Spangle,* 975 F.Supp. 973, 973–74 (S.D.Tex. 1997) ("Until the state court action is filed, no action or proceeding yet exists."); *Burr v. Choice Hotels Int'l, Inc.,* 848 F.Supp. 93, 95 n. 2 (S.D.Tex.1994) ("Until the state court action is filed, there is no action or proceeding....")).

Additionally, § 1446(b) sets forth the specific actions which trigger the notice of removal time period, basing the time period on "service or otherwise, [of] a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. 1446(b). "Although a pleading may be defined differently in the federal and state judicial systems, a common thread in both judicial schemes is that for a document to be regarded as a pleading it must, at the very least, be filed with a court." *Leverton,* 991 F.Supp. at 484 (citations omitted). The *Leverton* court held that even though the defendant received an unfiled motion for judgment, it was not a pleading for purposes of triggering the thirty-day time period "because there is nothing to be removed if nothing has been filed." *Id.* at 485 (citing *Arnold v. Fed. Land Bank,* 747 F.Supp. 342, 343–44 (M.D.La.1990)). Our case is similar to the *Leverton* case in that on October 12, 2000, the Commission received only an unapproved and unfiled, proposed amended complaint. Until the amended complaint, containing properly pled federal claims, was filed, the controlling pleading was the initial complaint, which we have already determined did not trigger our jurisdiction. Therefore, there was no case to be removed until the amended complaint was filed on October 26, 2000.

However, depending upon the type of civil action or proceeding, the "initial pleading" need not be a complaint. Rather, the key is whether the filing creates the opportunity to present or defend federal rights. *See Butts v. Hansen,* 650 F.Supp. 996, 998 (D.Minn. 1987). In *Butts,* the defendant argued that a motion and supporting affidavit for a temporary restraining order ("TRO") filed by the plaintiff (containing federal claims) were enough to commence § 1446(b)'s time period. *Id.* The plaintiff countered that the complaint (containing only state-law claims) was the only initial pleading under § 1446(b). *Id.* The court concluded that the motion and affidavit satisfied § 1446, even in the absence of a filed complaint, because "[h]ad defendants been required to wait for the plaintiffs to produce a complaint, they would have been deprived of their right to a federal forum during the temporary restraining order pro-

ceedings." *Id.; see also Kiddie Rides USA, Inc. v. Elektro–Mobiltechnik GMBH*, 579 F.Supp. 1476, 1479 (C.D.Ill.1984) (holding that affidavit for attachment constitutes initial pleading where state attachment statute authorized the court to issue an order of attachment upon receipt of the affidavit).

*Butts'* holding is clearly distinguishable from our case. A motion for a TRO seeks immediate court intervention to prevent a violation of the plaintiff's rights. When a TRO seeks redress for federal rights, the *defendant's opportunity to present or defend* those rights commences with the filing of that motion. In contrast, a motion to amend a complaint does not provide the opportunity to defend or present any rights until such motion is granted and the amended pleading is filed, thereby superceding the original complaint. The logic of this interpretation becomes even clearer when the question is asked, what if the motion to amend the pleading were denied.[4] No obligation would confront defendants to defend or assert any rights in response to the proposed pleading and no removal opportunity would be triggered. The Commission was not prevented from presenting or defending any federal rights during the time period between the filing of Bezy's motion to amend and the actual filing of the approved amended complaint. Bezy's amended complaint was approved for filing and actually filed on October 26, 2000, before which time it is not considered a pending action under § 1441(a) or a pleading under § 1446(b).

### Conclusion

For the reasons discussed above, we conclude that the Commission filed its notice of removal in a timely manner on November 27, 2000 because it was within the thirty-day time period as set forth in § 1446(b). Accordingly, we *DENY* the plaintiff's motion for remand.

---

4. Or, what if the Circuit Court delayed ruling on Bezy's motion for more than thirty days after it was filed?